UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Crim. No.: 4:15-cr-00492-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Curtis Richardson, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's [ECF #37] motion to dismiss for Speedy Trial Act violations. The Speedy Trial Act provides, in part:

> Any information or indictment charging an individual with the commission of an offense *shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges*. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b) (emphasis added).

Defendant argues that his case should be dismissed with prejudice for Speedy Trial Act violations. Specifically, Defendant contends that the Speedy Trial Act began running in his case when he was arrested by the Loris Police Department and charged with state law offenses on April 14, 2015. Defendant argues that because his federal indictment was not returned within 30 days of his arrest on the state charges, the indictment should be dismissed with prejudice. Defendant is incorrect as to when the time limits under the Speedy Trial Act are triggered. The Fourth Circuit Court of Appeals has held that "the Speedy Trial Act was not implicated . . .until [Defendant] was either taken into *federal* custody on *federal* charges or indicted on those charges." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995) (emphasis added); *United States v. Iaquinta*, 674 F.2d

260, 264-67 (4th Cir. 1982).

    In this case, the docket reflects that Defendant was indicted on the instant federal charges on July 28, 2015.  The same date, a federal arrest warrant was issued.  Defendant was arrested on the federal charges on July 29, 2015, and arraigned on July 30, 2015.  This case is set for trial during the September 17, 2015 term of court with voir dire and jury selection scheduled for September 17, 2015.  Defendant was indicted prior to his arrest on federal charges.  Accordingly, there is no violation of § 3161(b) of the Speedy Trial Act.  Defendant's [ECF #37] motion to dismiss for Speedy Trial Act violations is **DENIED**.

    **IT IS SO ORDERED**.

September 16, 2015       s/ R. Bryan Harwell  
Florence, South Carolina       R. Bryan Harwell  
     United States District Judge