UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Curtis Richardson, | ) | Civil Action No.: 4:16-cv-02981-RBH |
| | ) | Crim. No.: 4:15-cr-00492-RBH-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's [ECF No. 228] pro se motion to vacate pursuant to 28 U.S.C. § 2255.

On August 8, 2017, the government filed a response and motion to dismiss arguing (1) the issues raised in the August 2016 § 2255 motion have been decided against Petitioner by the Fourth Circuit; (2) the alleged sentencing guideline errors are not cognizable in a § 2255 motion; (3) the sentencing guideline error claims raised in the February 2017 amendment were not raised in Petitioner's direct appeal and therefore Petitioner has procedurally defaulted on those issues; and (3) his ineffective assistance of counsel claim is without merit. For the reasons stated below, the Court grants Respondent's motion to dismiss, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice.[1]

**Procedural History**

On July 28, 2015, Petitioner was indicted in a one count indictment for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On December 7, 2015,

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

the Magistrate Judge granted Petitioner's request to proceed in his criminal trial pro se. Assistant Federal Public Defender William Nettles remained as standby counsel only.

On January 15, 2016, with standby counsel present, Petitioner pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Presentence Investigation Report ("PSR") prepared by the U.S. Probation Office determined that Petitioner's advisory guideline range was 57 to 71 months imprisonment. A sentencing hearing was held on June 9, 2016. At sentencing, the Court sentenced Petitioner to 57 months imprisonment. The judgment was entered on June 10, 2016.

Petitioner filed a notice of appeal on June 10, 2016. Petitioner filed the instant motion to vacate on August 30, 2016, while his direct appeal was still pending. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on January 3, 2017. The Mandate and Judgment were entered on February 14, 2017.

On February 17, 2017, Petitioner filed a Supplemental Amendment to his motion to vacate alleging various sentencing guideline errors with respect to his sentence. On May 26, 2017, Petitioner filed an amendment to his motion to vacate stating that each ground for relief was due to ineffective assistance of standby counsel and/or appellate counsel.

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

2

otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, 'will not be allowed to do service for an appeal.' (internal citation omitted). For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. (internal citations omitted) Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'". *Stone v. Powell*, 428 U.S. 465, n. 10 (1976); *see also United States v. Boyd*, No. 02-6242, 2002 WL 1932522, at *1 (4th Cir Aug. 22, 2002) ("Non-constitutional claims that could have been raised on direct appeal . . . may not be raised in a collateral proceeding under § 2255.").

## Discussion

<u>Issues Raised on Direct Appeal/Procedural Default/Cognizability of Sentencing Guideline Errors</u>

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent,

3

*see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

The only two grounds raised in Petitioner's initial motion to vacate were presented to the Fourth Circuit on direct appeal. In ground one, Petitioner claims that two prior state convictions used to enhance his sentence were invalid because they were uncounseled and not the result of knowing and voluntary guilty pleas. In ground two, Petitioner claims that his PSR improperly counted offenses that were too old to be included in his criminal history score. The Fourth Circuit addressed both of these claims and found that there was no sentencing error. *See United States v. Richardson*, 674 Fed.Appx. 262, 265 (4th Cir. 2017) (unpublished).

Because these claims were raised on direct appeal and there has been no intervening change in controlling law, Petitioner cannot collaterally attack his sentence on those grounds. *See Dyess*, 730 F.3d at 360; *Boeckenhaupt*, 537 F.2d at 1183; *Davis*, 417 U.S. at 342.

Petitioner presented an additional six grounds in his Supplemental Amendment filed on February 17, 2017. *See* [Supplemental Amendment to Petitioner, ECF No. 248]. The six additional grounds allege various sentencing guideline calculation errors and could have been raised on direct appeal. Because Petitioner failed to raise those grounds on direct appeal and has failed to demonstrate adequate cause and prejudice for that failure, Petitioner has procedurally defaulted each ground raised in his Supplemental Amendment filed on February 17, 2017.

Finally, Petitioner's claims regarding the sentencing guidelines are not cognizable on collateral review. *See United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999) (stating "[b]arring extraordinary circumstances . . ., an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding. Section 2255 provides relief for cases in which "the sentence was in excess of the maximum authorized by law." Thus, while § 2255 applies to

4

violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines."); *United States v. Goines*, 357 F.3d 469, 477 (4th Cir. 2004) (stating "guideline claims ordinarily are not cognizable in § 2255 proceedings"); *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015) (a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate). Petitioner has failed to demonstrate a fundamental defect or miscarriage of justice. Petitioner was sentenced at the bottom of his advisory guideline range and well below the statutory maximum of ten years. Accordingly, Petitioner's claims alleging an error in the calculation of his advisory sentencing guideline range are due to be dismissed.

Ineffective Assistance of Counsel

In order to avoid procedural default or in an attempt to render his claims cognizable, Petitioner filed a motion to amend to assert that each ground alleged was the result of ineffective assistance of standby counsel and appellate counsel. *See* [Motion to Amend, ECF No. 254]. The Court grants Petitioner's motion to amend but, as explained below, Petitioner's ineffective assistance of counsel claims fail.

Petitioner waived his Sixth Amendment right to counsel and chose to represent himself during his criminal proceedings. *See Faretta v. California*, 422 U.S. 806, 836 (1975). When a defendant does so, the trial court, as it did for Petitioner here, may appoint standby counsel to assist the *pro se* defendant. *Id.* at 834 n. 46. However, there is "no constitutional right to hybrid representation," where the defendant "share[s] the duties of conducting [his] defense with a lawyer." *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir.1997) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Without a constitutional right to standby counsel, a defendant generally cannot prove

5

standby counsel was ineffective. *United States v. Cochrane*, 985 F.2d 1027, 1029 n. 1 (9th Cir.1993) (rejecting ineffective assistance of standby counsel argument in this context without foreclosing argument in future); *United States v. Windsor*, 981 F.2d 943, 947 (7th Cir.1992) ("court knows of no constitutional right to effective assistance of standby counsel"); *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir.1998) ("without a constitutional right to standby counsel, a defendant is not entitled to relief for ineffectiveness of standby counsel").

In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

Petitioner's ineffective assistance of standby counsel claim fails because Petitioner waived his right to counsel and there is no right to hybrid representation. Even assuming Petitioner could raise a claim against standby counsel in this case, Petitioner has failed to demonstrate either constitutionally deficient performance or resulting prejudice.

As to appellate counsel, Petitioner cannot demonstrate prejudice in the failure to raise any issues on direct appeal because the Fourth Circuit Court of Appeals reviewed the entire record pursuant to *Anders v. California*, 386 U.S. 738 (1967), and found no meritorious issues for appeal. *See Richardson*, 674 Fed. Appx. at 265 (stating "[i]n accordance with *Anders*, we have reviewed the

entire record in this case and found no meritorious issues for appeal").

For those reasons, Petitioner is not entitled to relief on his ineffective assistance of standby counsel and appellate counsel claims.

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

For the reasons stated above, the government's [ECF No. 256] motion to dismiss is **GRANTED** and Petitioner's [ECF No. 228] pro se motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Petitioner's [ECF No. 254] pro se motion to amend is **GRANTED** and Petitioner's [ECF No. 251] pro se motion to provide a ruling regarding *Mathis v. United States* is **DENIED** and/or **MOOT.**

**IT IS SO ORDERED**.

October 23, 2017  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
 United States District Judge